## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JOHNNY L. N. ,

|  |  |
|---|---|
| JOHNNY L. N. ,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security<br>Administration,<br><br>Defendant. | Case No. 18-CV-578-JED-FHM |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1]   Plaintiff's November 5, 2015, application for disability benefits was denied initially and on reconsideration.   A hearing before Administrative Law Judge ("ALJ") D.B. Crutchfield was held November 6, 2017.   By decision dated January 5, 2018, the ALJ entered the findings that are the subject of this appeal.   The Appeals Council denied Plaintiff's request for review on September 8, 2018.   The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.   20 C.F.R. §§ 404.981, 416.1481.

1

26 F.3d 1027, 1028 (10th Cir. 1994).   Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).   The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.   *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).   Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 51 years old on the alleged date of onset of disability and 53 on the date of the ALJ's denial decision.   He has a high school education and formerly worked as a welder and solderer.   He claims to have been unable to work since August 4, 2015 as a result of paranoia related to schizoaffective disorder, depression and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform work at all exertional levels with the following nonexertional limitations:   perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, adapt to a work situation, but unable to relate to the general public.   [R. 18].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.   The

2

case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.   *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ's physical and mental RFC is not supported by substantial evidence and that the ALJ's determination that Plaintiff's allegations are not consistent with the medical record is not supported by substantial evidence.

## Analysis

### Mental RFC

Plaintiff argues that the mental RFC is not supported by substantial evidence because the ALJ gave "great weight" to the opinions of the state agency psychological consultants but did not adopt the entirety of their opinions and did not explain why portions were not adopted.   There is no merit to this argument.

The state agency consultants opined that Plaintiff:   can perform simple tasks with routine supervision; can relate to supervisors and peers on a superficial work basis; cannot relate to the general public; and can adapt to a work situation.   [R. 73, 87].   The ALJ included these findings in the RFC.   The information provided by the consultants that Plaintiff refers to as "opinions" are not RFC opinions, but are a screening evaluation, known as the psychiatric review technique (PRT).[2]

---

2   When there is evidence of a mental impairment that allegedly prevents a claimant from working, the evaluator must follow the procedure for evaluating mental impairments set forth in the regulations which is known as the psychiatric review technique (PRT).   20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir.

Plaintiff also asserts that the ALJ ignored a diagnosis and statements made by health care providers which Plaintiff characterizes as opinions that the ALJ failed to weigh. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

The undersigned finds that the ALJ accurately summarized the medical record and made findings supported by substantial evidence. Plaintiff argues for a different conclusion by pointing out information within the medical record which might arguably support a conclusion different from the one reached by the ALJ. However, to establish error, the Plaintiff must show that the evidence is so overwhelming that no reasonable

---

1995) (same). The procedure for evaluating alleged mental impairments requires the evaluator to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself. These criteria represent the areas of mental functioning a person uses in a work setting. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C). The findings related to the "paragraph B" criteria are not RFC findings, but rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. *See Chrismon v. Colvin*, 531 Fed.Appx. 893, 897-898 (10th Cir. 23013)(discussing the difference between PRT findings and RFC findings).

ALJ would fail to make the finding Plaintiff asserts is proper.   Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact.   "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive [.]"   42 U.S.C. § 405(g).[3]

The undersigned finds that the ALJ's mental RFC is supported by substantial evidence and that the ALJ properly conducted the required analysis of the record.

<u>Physical RFC</u>

Plaintiff argues that the ALJ erred in giving great weight to the state agency consultants who made RFC determinations based on their review of Plaintiff's medical records.[4]   Plaintiff asserts these opinions were stale because they were issued over 18 months before the ALJ's decision.   However, the ALJ did not solely rely on these opinions.   The ALJ accurately summarized and discussed the entire medical record, including the record that covers the time since the agency opinions were issued.

Plaintiff refers to ulcerative colitis as an impairment for which he says the ALJ should have included additional RFC limitations.   The ALJ accurately summarized the record concerning Plaintiff's gastrointestinal problems, [R. 14-16], including that Plaintiff does not wear protective underwear, 2013 colonoscopy results, 2014 abdominal CT scan

---

3 *See also Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(on appeal court reviews only sufficiency of evidence, not its weight); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (court may not reweigh evidence and displace agency choice between two fairly conflicting views, discussing meaning of substantial evidence); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (evidence is insubstantial if it is overwhelmingly contradicted by other evidence).

4 Although the ALJ is not bound by the findings made by the state agency medical or psychological consultants, the Commissioner's regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence.   20 C.F.R. § 404.1527(e)(2)(i); 20 C.F.R. § 416.927(e)(2)(i).

results, notes reflecting periodic improvement and worsening of reported symptoms, and 2017 remission of the colitis.   The undersigned finds that the ALJ's RFC which omitted any limitation attributable to colitis is supported by substantial evidence.

<u>Evaluation of Plaintiff's Statements</u>

An ALJ is required to evaluate the claimant's statements about the intensity, persistence, and limiting effects of alleged symptoms.   Social Security Ruling (SSR) 16-3 (2017), 2017 WL 5180304, outlines the process ALJ's are required to employ in evaluating such statements to fulfil the ALJ's obligations set out in the Commissioner's applicable regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).   SSR 16-3p states that in evaluating a claimant's symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."

2017 WL 5180304 at *10.   The SSR further states:

> The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*Id.*

Plaintiff asserts that the ALJ's analysis of his statements about the intensity of his symptoms is faulty and is not supported by substantial evidence.   Throughout the denial decision the ALJ pointed out where Plaintiff's claims were not consistent with the medical record.   The ALJ noted that Plaintiff's testimony about gastrointestinal symptoms were not consistent with his statement to his doctor that ulcerative colitis was in remission, [R.

6

16] and the ALJ noted that Plaintiff's statements to Dr. Matthews do not appear to be fully consistent with other mental health records, [R. 20].   The ALJ noted fluctuating symptoms and improvement with medication.   *Id*.   The ALJ noted that, on balance, the mental health treatment records reflect more positive results and improvement such that the RFC is consistent with the evidence.   [R. 22].

The undersigned finds that the ALJ performed an appropriate analysis and articulated the basis of her findings.   The undersigned also finds that the ALJ's conclusions are supported by substantial evidence.

Plaintiff notes that during the hearing the ALJ stated:

> I want you to know that I totally believe everything you said I just have to base my decision on the medical records.

[R. 62].   Plaintiff asserts that the decision should be reversed because the ALJ's hearing statement was an inaccurate statement of her duty to evaluate Plaintiff's statements about his symptoms.   While the undersigned agrees that the ALJ's statement does not accurately describe her duty with respect to evaluating Plaintiff's statements, the ALJ's written decision reflects that she did appropriately evaluate the evidence.   As a result, the ALJ's misstatement at the hearing does not present a reason for remand.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.   Accordingly,   the   undersigned   United   States   Magistrate   Judge

RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.   Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before March 10. 2020.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).   Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 25th day of February, 2020.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8